UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EVONNE TREMBINSKI, JAMES TREMBINSKI, AND JOSEPH TREMBINSKI, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:06-CV-173 PS |
| ALLSTATE INSURANCE COMPANY and JOHNNY BURUM, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion To Remand. [DE 11]  For the reasons that follow, Plaintiffs' motion is granted.

## BACKGROUND

On April 6, 2006, Plaintiffs Evonne, James, and Joseph Trembinski filed suit against Defendant Allstate Insurance Company in Lake Superior Court.  Plaintiffs alleged, among other things, that their home had been destroyed by fire, that they had an insurance contract with Allstate to protect against the loss, that Allstate had breached the insurance contract, and that Allstate had engaged in bad faith in handling Plaintiffs' claim.  Plaintiffs also alleged that they are residents of Indiana.

On May 5, 2006, Allstate removed the case on diversity grounds. [DE 2]  In its Notice of Removal, Allstate asserted that it is incorporated in the state of Illinois and maintains its principal place of business there.  *Id*.  Allstate further stated that the amount in controversy

exceeded $75,000 exclusive of interest and costs.  *Id*.  On May 15, 2006, Allstate filed its answer.  [DE 8]

On May 23, 2006, Plaintiffs filed two motions:  one to amend their complaint and one to remand the case to state court.  [DE 9, 11]  Plaintiffs' proposed amended complaint added a non-diverse defendant.  [DE 11]  Allstate never responded to Plaintiffs' motion to amend the complaint, which Magistrate Judge Cherry granted on June 14, 2006.  [DE 16]  Plaintiffs formally filed the amended complaint five days later.  [DE 17]  The amended complaint added Johnny Burum as a defendant and alleged that Burum (like each Plaintiff) is an Indiana citizen, thereby destroying diversity.  *Id*.  According to the amended complaint, Burum is the Allstate agent who met with Plaintiffs after their house burned down.  Plaintiffs allege that Burum negligently handled their proof-of-loss form and made misrepresentations to them about the form.  *Id*.  The amended complaint asserted one count of "negligence and misrepresentation" against Burum.  *Id*.  Plaintiffs seek to remand the case because the joinder of Burum, an Indiana citizen, destroys diversity jurisdiction.

On May 25, 2006, Allstate responded to Plaintiffs' remand motion.  [DE 15]  Allstate contends that Plaintiffs' joinder of Burum is fraudulent and therefore Burum's citizenship should be disregarded for purposes of diversity jurisdiction.  *Id*.  On June 27, 2006, Plaintiffs filed their reply.  [DE 23]

## DISCUSSION

Federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. §1332.  Whether § 1332 supplies jurisdiction must be determined at the outset of a case as events that take place

2

after a suit begins do not affect diversity jurisdiction.  *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005) *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004).  It is a "well-established rule that diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  However, if post-removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.  28 U.S.C. § 1447(e).

Although a plaintiff is free to choose his own forum, he may not fraudulently join an in-state or non-diverse defendant solely for the purpose of defeating diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).  This is why a district court, when deciding whether the parties are completely diverse, must disregard any fraudulently joined party.  *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  In other words, the fraudulent joinder of a non-diverse defendant does not destroy diversity jurisdiction if complete diversity exists without the fraudulently-joined defendant.  *Id*.

A defendant seeking removal bears a "heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).  In addressing fraudulent joinder issues, courts must keep in mind that a plaintiff is the master of his complaint.  *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).  As such, a plaintiff may include (or omit) claims or parties in order to determine the forum.  *Id.*  "It is enough that the claims be real and that the parties not be nominal."  *Id*.  In this Circuit, fraudulent joinder occurs when: 1) there is no possibility that the plaintiff can state a cause of action against the non-diverse defendant in state court; or 2) the plaintiff commits outright fraud in pleading jurisdictional facts.  *Hoosier*

*Energy Rural Elec. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994), *citing Gottlieb*, 990 F.2d at 327.

According to Allstate, Plaintiff's remand motion should be denied because Plaintiffs fraudulently joined Burum as a defendant.  Allstate's argument fails on both procedural and substantive grounds.

Diversity jurisdiction existed at the time of removal.  After removal, Plaintiffs filed a motion to amend their complaint to add a non-diverse defendant and at the same time moved to remand the case.  Although Allstate opposed the remand motion, it never contested the motion to amend the complaint.  Consequently, Judge Cherry granted Plaintiffs leave to amend and Burum was joined as a defendant.  Allstate never objected to Judge Cherry's order allowing the joinder of Burum.  *See* Fed. R. Civ. P. 72 (parties have 10 days to object to a magistrate's order regarding a nondispositive matter).  Thus, for better or worse, Burum has been joined as a defendant in this case.  This is significant for purposes of 28 U.S.C. §1447(e).  Under that subsection, a court has two options when "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  The court can either:  1) deny joinder; or 2) permit joinder and remand the action to state court.  Because joinder already has been permitted without objection, remand necessarily must follow.  *See* 28 U.S.C. § 1447(e).

The Court acknowledges that such a ruling could be construed to exalt form over substance.  After all, Allstate clearly thinks the joinder of Burum is bogus as it explained in opposing Plaintiffs' motion to remand.  But even if the issue of Burum's joinder were procedurally alive, Allstate has not met the heavy burden to show that it was fraudulent.

According to Allstate, Burum was fraudulently joined because there is no possibility that Plaintiffs can state a claim against Burum under Indiana law. Allstate relies heavily on *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). In *Schwartz*, the plaintiffs were involved in a two-car accident with an under-insured driver. The plaintiffs had an auto insurance policy with State Farm that included under-insured motorist coverage. When State Farm denied the plaintiffs' under-insured motorist claim, the plaintiffs filed suit against State Farm and one of its agents in Indiana state court. The plaintiffs alleged that State Farm and the agent denied the plaintiffs' claim in bad faith, a tort under Indiana law. The parties were not completely diverse – both the plaintiffs and State Farm were Indiana citizens. Nevertheless, State Farm (deemed an Illinois citizen) removed the case on diversity grounds and argued that the agent was fraudulently joined as a defendant solely to destroy diversity. The plaintiffs moved to remand the case but the district court refused. The district court ruled the agent had been fraudulently joined and, therefore, his citizenship was irrelevant for purposes of diversity jurisdiction. The Seventh Circuit agreed, holding that there was not a reasonable possibility under Indiana law that the plaintiffs could recover against the agent on their bad faith claim.

State Farm's reliance on *Schwartz* is misplaced. The *Schwartz* court focused on the type of claim that the plaintiffs were pressing against the individual agent, *i.e.* bad faith denial of an insurance claim. *Id*. at 878 ("The Schwartzes have not cited a single case from any jurisdiction, let alone Indiana, which has recognized individual liability for bad faith denial of an insurance claim"). The court noted that the duty of good faith arises from the "unique character of the insurance contract" itself and, because only the insurance company and the plaintiffs were in

5

privity based on the insurance contract, no bad faith claim could be brought against the agent individually. *Id*.

If Plaintiffs here were pressing a bad-faith claim against Burum (and only a bad-faith claim against him), then perhaps *Schwartz* would control. But Plaintiffs are not. Instead, Plaintiffs have asserted a negligence and misrepresentation claim against Burum. [DE 17] Plaintiffs allege that Burum was negligent in helping them fill out a proof-of-loss form and that Burum made misrepresentations to them about the proof-of-loss form. Negligence claims by insureds against individual insurance agents have at least some support under Indiana law. *See, e.g., Bojrab v. John Carr Agency*, 597 N.E.2d 376, 378 n.1 (Ind. App. 1992) ("Conversations between an insurance agent and an insured may impose upon the agent a duty to exercise reasonable care, skill and diligence in effecting insurance for the insured, or notifying the insured if insurance cannot be obtained. Failure to meet this standard of reasonableness would give rise to a negligence action against the agent.").

Allstate has a heavy burden to show fraudulent joinder. Other than *Schwartz* (which already has been addressed), Allstate cites no authority to persuade this court that it is impossible for Plaintiffs to state a cause of action against Burum under Indiana law. Therefore, even if Burum's joinder had been properly contested, the court would still exercise its discretion under 28 U.S.C. § 1447(e) and remand the case to state court.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Remand [DE 11] is **GRANTED** and this case is **REMANDED** to Lake County Superior Court for all further proceedings. The clerk shall

treat this civil action as **TERMINATED** and all further settings in this action are hereby **VACATED**.

    **SO ORDERED**.

ENTERED:  August 21, 2006

                                                      s/ Philip P. Simon
                                                      PHILIP P. SIMON, JUDGE
                                                      UNITED STATES DISTRICT COURT